IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| Petitioner, § | | |
| V. § | | |
| § | | |
| $8,900.00, MORE OR LESS, IN UNITED § | A-13-CV-0971-LY-ML | |
| STATES CURRENCY, § | | |
| Respondent. § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner, the United States' Motion to Strike Claim and Motion for Final Default Judgment of Forfeiture, filed July 9, 2015 [Dkt. #12] (hereafter, "Motion for Default"), and the United States' Motion for Summary Judgment, filed July 10, 2015 [Dkt. #13] (hereafter, "Motion for Summary Judgment.")

The Motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I. BACKGROUND**

On June 6, 2013, law enforcement officers seized approximately $26,630 in cash, along with illegal drugs and two handguns from the residence of Darriel Carter pursuant to a state

search warrant. Claimant, Erica Rivers contested the U.S. Drug Enforcement Administration's (DEA) administrative forfeiture proceeding by filing an unverified statement that $8,900 of the seized cash (hereinafter "the Respondent Property") belongs to her.  Claim and Answer [Dkt. #7].  In support of her claim, Rivers filed an unverified "Transaction History" that she describes as her bank statements. *Id.*  The records, dated February 17, 2013 to March 30, 2013, do show that Rivers received a deposit of $7,588 from the U.S. Treasury on February 24, 2013; a deposit of $11.06 from the Texas Comptroller on March 6, 2013; a deposit of $795.55 from the Texas Comptroller on March 13, 2013, and a deposit of $817.78 from the Texas Comptroller on March 28, 2013. *Id.*  While the records do indeed show that Rivers had sources of income other than Darriel Carter's drug money, the same records indicate Rivers' income was spent, not saved.  As of March 30, 2015, the last record provided, Rivers' account balance was $417.29.

The United States contests Rivers' claims on both procedural and substantive grounds. First, the United States asserts Rivers' failure to file a verified claim is procedurally fatal. Additionally and in the alternative, the United States argues Rivers has not provided evidence sufficient to overcome the presumption, based on her own adverse admissions at the time of the seizure and the circumstances of the seizure itself, that the Respondent Property is part of Darriel Carter's drug enterprise.

II.   STANDARD OF REVIEW

The procedures governing civil judicial forfeiture actions are found in the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983 *et seq.*, and in the Federal Rules of Civil Procedure's Section XIII, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *United States v. $4,629.00 in United States* Currency, 359 F. Supp. 2d 504,

507 (W.D. Va 2005). Under these rules, effective notice of the seizure is the starting point for the claimant's deadlines to challenge the forfeiture. 18 U.S.C. § 983(a)(4)(A); FED. R. CIV. P. § XII, Suppl. R. G(5)(a).

A person who asserts an interest in the property that is the subject of the action must file a verified statement identifying the interest within 30 days after the date of service of the Government's complaint. 18 U.S.C. § 983(a)(4)(A). Such a filing establishes the party's statutory standing, and is a "prerequisite" to defending on the merits. *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1114 (5th Cir. 1985); *see also United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. N.Y. 2014). ("[T]he Forfeiture Rules require claimants first establish [statutory] standing to intervene in the in rem action before moving to dismiss.")

### III.   ANALYSIS

Rivers does not contest she received timely and adequate notice under the civil forfeiture rules. She attempted to file a "Claim and Answer" [Dkt. #13] to preserve her claim, but her failure to verify the claim under penalty of perjury is more than a technical flaw. A claimant must file a verified claim in order to establish statutory standing to contest the forfeiture action. *United States v. Tract No. Eighty-One 81 of Sunrise Acres Recorded in Volume 2*, No. 96-50180, 1996 U.S. App. LEXIS 43373, *2-3 (5th Cir. Oct. 21, 1996); *see also United States v. One Parcel of Real Property*, 46 F. Supp. 2d 572, 580-82 (S.D. Miss. 2008). On this basis alone, the United States should be granted judgment as to ownership of the Respondent Property.

Even assuming Rivers' Claim and Answer, which were filed pro se, should be presumed sufficient to establish Rivers' standing and intent to prosecute her claim to the Respondent Property, the fact remains that Rivers has presented no evidence sufficient to undermine the

United States' case for forfeiture. It is undisputed the money seized on June 6, 2013 amounted to approximately $26,630 in cash bills, bundled with rubber bands into groups of $1,000 each. These bundles of cash were seized in connection with a search warrant that also resulted in seizure of a substantial supply of illegal prescription drugs and two handguns. The only evidence Rivers presents to establish that some portion of that money is hers are six weeks of bank statements, predating the seizure by several months, showing direct deposits (but not cash withdrawals) of sums of money that were subsequently spent on the necessities of daily life. There is nothing in Rivers' unauthenticated bank records that establishes any nexus between her independent income and the bundles of cash seized in connection with Darriel Carter's arrest. The United States is entitled to summary judgment awarding it possession of the Respondent Property.

## IV.   RECOMMENDATIONS

For the reasons outlined above, the Magistrate Court RECOMMENDS the District Court GRANT the United States' Motion for Summary Judgment [Dkt. #13]. In light of this grant of summary judgment on the merits, the Magistrate Court RECOMMENDS the District Court Dismiss the United States' Motion for Default [Dkt #12] without prejudice.

## V.   OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED January 22, 2016

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE